IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANADARKO E&P ONSHORE LLC,  §
 *Plaintiff,*  §
         §
V.  §  CIVIL ACTION NO.  4:25-CV-05250
         §
MARITECH RESOURCES, LLC, and  §   JURY DEMANDED
TETRA TECHNOLOGIES, INC.  §
         §
         §
 *Defendants.*  §

## MOTION OF DEFENDANT MARITECH RESOURCES LLC
## FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12b(6)

Defendant Maritech Resources, LLC ("Maritech") files this motion pursuant to Federal Rule of Civil Procedure 12b(6) seeking to dismiss the claims asserted in the Complaint by Anadarko E&P Onshore LLC ("Anadarko") against Maritech with prejudice. The Motion is supported by Maritech's enclosed Memorandum in Support of its Motion to Dismiss Complaint Pursuant to the Fed R. Civ. P. 12b(6) as well as the pleadings on file in this case.

Respectfully submitted,

By    /s/ *Philip G. Eisenberg*
        Philip G. Eisenberg
        TBN: 24033923
        phil.eisenberg@troutman.com
        TROUTMAN PEPPER LOCKE LLP
        600 Travis Street, Suite 2800
        Houston, Texas 77002
        Phone: (713) 226-1200
        Fax: (713) 223-3717

**ATTORNEY FOR
MARITECH RESOURCES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by and through the Court's electronic filing system (ECF) on December 22, 2025.

By /s/    *Philip G. Eisenberg*
        Philip G. Eisenberg

ACTIVE 323171599v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANADARKO E&P ONSHORE LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:25-CV-05250 |
| | § | JURY DEMANDED |
| MARITECH RESOURCES, LLC, and | § | |
| TETRA TECHNOLOGIES, INC. | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

### MEMORANDUM IN SUPPORT OF
### MOTION OF DEFENDANT MARITECH RESOURCES LLC
### FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Maritech Resources, LLC ("Maritech"), by counsel submits the following Memorandum in Support of its Motion for Dismissal Under Federal Rule Civ. Procedure 12b(6). For the reasons below, the Complaint against Maritech should be dismissed with prejudice.

### STATEMENT OF THE STAGE AND NATURE OF THE PROCEEDINGS

The Complaint of Anadarko E&P Onshore LLC ("Anadarko") was filed on November 3, 2025.  An extension to respond for all purposes was granted by Anadarko to Maritech through December 22, 2025.

The Complaint of Anadarko only states one count against Maritech.  The Complaint alleges Maritech did not perform decommissioning on two distinct leases (1) OCS-G  03170, also known as Ship Shoal Block 290 (SS 290) and (2) OCS-G 02923, also known as Ship Shoal Block 291 (SS 291) pursuant to a Purchase and Sale Agreement dated April 15, 2004 (the "PSA") which transferred the two leases to Maritech.  The first lease OCS-G 03170, SS  290, terminated on May

31, 2007, as a matter of public record. Thereafter, according to the Complaint, a company called Monforte Exploration, LLC ("Monforte") received approval from the Bureau of Ocean Energy Management ("BOEM") to transfer eight wells from the old SS 290 lease, OCS-G 03170 to a new lease OCS-G 32207. The Complaint does not allege Maritech owns an interest in OCS-G 32207 where the title to the eight transferred wells currently resides.

## LEGAL STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Weyerhaeuser Co. v. Burlington Ins. Co.,* 74 F.4th 275, 282 (5th Cir. 2023) (quoting *Iqbal,* 556 U.S. at 678) (cleaned up). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.,* 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal,* 556 U.S. at 678). "Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Id.* "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill,* 561 F.3d 377, 384 (5th Cir. 2009).

## ARGUMENT

1.   **The Breach of Contract Claim in Count 1 is Time Barred and Subject to Dismissal.**

The only contract is the PSA. The PSA is governed by the Outer Continental Shelf Lands Act ("OCSLA") which incorporates the law of the adjacent state as surrogate federal law. *See* U.S.C. § 1331(a)(1), (a)(2); *Amoco Prod. Co., v. Forest Oil Corp.,* 844 F.2d 251, 253(5th Cir.

1988). As such, the limitations period for bringing any action is governed by Louisiana's liberative prescriptive rules adopted as surrogate federal law. In such event, the liberative prescriptive period is ten (10) years. *See,* La. Civ. Code Art. 3499, attached as Exhibit 1. Since on the face of the Complaint, the decommissioning by Maritech on lease OCS-G 03170 was alleged to have been required by May 31, 2008. (*See* paragraph 18 of the Complaint).[1] More than ten (10) years has passed since the time the claim under the PSA first arose. The claim by Anadarko is time barred as to that lease OCS-G 03170.

2.    **Lease OCS-G -32207 is Not Covered by the PSA and Accordingly, Maritech Can Not Breach the PSA as to the Eight Wells now Associated with OCS-G 32207.**

On the face of the Complaint, Anadarko asserts that the right, title and interest in eight (8) specifically enumerated wells was transferred by the regulator, BOEM, to a separate and distinct lease in which Maritech does not own an interest and which separate and distinct lease is not covered by the PSA.

A court generally accepts the allegations contained in the complaint as true, "[c]onclusional allegations, naked assertions, and `formulaic recitation[s] of the elements of a cause of action will not do.'" *Weyerhaeuser,* 74 F.4th at 282. Moreover, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claims." *Id.* (cleaned up). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract,

---

[1] Under Federal regulations, a lease is to be fully decommissioned within one (1) year of termination. *See* 30 CFR 250.1725.

the documents constituting the contract are central to the plaintiffs claim." *Peacock v. AARP, Inc.,* 181 F. Supp. 3d 430, 434 (S.D. Tex. 2016).

Accordingly, because the Complaint does not assert that lease OCS G-32207 is covered by the PSA, no cause of action for breach of the PSA associated with lease OCS G-32207 and the wells now associated with OCS G-32207 has been properly pled against Maritech. *See* Paragraph 21 of the Anadarko Complaint.

## CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, because more than ten (10) years has passed since any breach of contract may have arisen and because lease OCS G-32207 is not covered by the PSA, Count 1 of the Complaint against Maritech, pertaining to OCS G-03170, should be dismissed.

Respectfully submitted,

By    /s/ *Philip G. Eisenberg*
Philip G. Eisenberg
TBN: 24033923
phil.eisenberg@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Phone: (713) 226-1200
Fax: (713) 223-3717

**ATTORNEY FOR**
**MARITECH RESOURCES, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I met and conferred with counsel for Anadarko E&P Onshore LLC, Mr. Moss, and he indicated that Anadarko E&P Onshore LLC opposes this motion.

By /s/ *Philip G. Eisenberg*
Philip G. Eisenberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record by and through the Court's electronic filing system (ECF) on December 22, 2025.

By /s/ *Philip G. Eisenberg*
Philip G. Eisenberg

-5-

# EXHIBIT 1



Go to Previous Versions of this Article  ✓

# 2024 Louisiana Laws
# Civil Code
# Art. 3499. Personal action

**Universal Citation:**

LA Civ Code Art. 3499 (2024)  ◯

**‹ Previous**                                                    **Next ›**

SECTION 4. TEN YEAR PRESCRIPTION

Art. 3499. Personal action

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

Acts 1983, No. 173, §1, eff. Jan. 1, 1984.

**‹ Previous**                                                    **Next ›**

**Disclaimer:** These codes may not be the most recent version. Louisiana may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.